IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| Larnell Washington, | ) | |
|---|---|---|
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. _____ |
| *-vs-* | ) | |
| | ) | *(jury demand)* |
| City of Milwaukee, Katherine Hein | ) | |
| Spano, and Gilbert Hernandez, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT

Plaintiff, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. § 1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

2. Plaintiff Larnell Washington is a resident of the State of Washington and brings this claim for malicious prosecution under 42 U.S.C. § 1983.

3. Defendants Katherine Hein Spano and Gilbert Hernandez were, at all relevant times, acting under color of their authority and within the scope of their employment as police officers of the City of Milwaukee. Plaintiffs sue Spano and Hernandez in their individual capacities.

4. Defendant City of Milwaukee is a municipal corporation. Plaintiff sues Milwaukee under 42 U.S.C. § 1983 for damages he incurred as the

result of the municipal policy adjudicated in *Avery v. City of Milwaukee*, 11-cv-408 (E.D. Wis.), *reinstating jury verdict* 847 F.3d 433 (7th Cir. 2017). Plaintiff also sues Milwaukee as the potential indemnitor for actions taken by the individual defendants in the course of their employment.

5. In July of 1990, a woman named Annette Love was murdered in Milwaukee, Wisconsin.

6. In February of 2023, police officers took plaintiff from Lacey, Washington, where he had lived with his wife for more than ten years, and transported plaintiff to Milwaukee where he was charged with the murder of Annette Love.

7. Plaintiff remained continuously in custody until he was released on October 6, 2023, when the prosecutor, after becoming aware of the fabricated evidence described below, dismissed the criminal case. Plaintiff was then reunited with his spouse after nearly nine months of forced separation.

8. Plaintiff was wrongfully prosecuted and wrongfully imprisoned because defendants Spano and Hernandez fabricated evidence against him.

9. **Made-up Statements Attributed to Detra King**

   i. Defendant Spano prepared a police report, dated October 19, 2010, containing a story she had made up about statements purportedly made to her by Detra King, the daughter of the deceased.

ii. Defendant Spano knew that her made-up story was false and provided a reason to believe that plaintiff had killed Annette Love.

iii. Defendant Spano communicated her made-up story to the prosecution; the made-up story was included in the criminal complaint that initiated the prosecution and was presented by the prosecutor to the judge who presided over the preliminary hearing.

10. **Made-up Statements Attributed to Willie Jean Hampton**

i. Defendant Spano prepared a police report, dated October 19, 2010, containing a story she and defendant Hernandez had made up about statements purportedly made by Willie Jean Hampton, who had been plaintiff's girlfriend.

ii. Defendants Spano and Hernandez knew that this made-up story was false and provided strong circumstantial evidence for the false claim that plaintiff had killed Annette Love.

iii. Defendants Spano and Hernandez communicated their made-up story to the prosecution; the made-up story was included in the criminal complaint that initiated the prosecution and was presented by the prosecutor to the judge who presided over the preliminary hearing.

11. **Made-up Statements Attributed to Larnell Washington**

i. On August 16, 2011, defendants Spano and Hernandez interviewed plaintiff Larnell Washington.

ii. Defendant Spano prepared a police report, dated August 22, 2011, containing a story she and defendant Hernandez had made up about statements purportedly made by plaintiff.

iii. Defendants Spano and Hernandez knew that this made-up story was false and provided strong circumstantial evidence that linked plaintiff to the death of Annette Love.

iv. Defendants Spano and Hernandez communicated their made-up story to the prosecution; the made-up story was included in the criminal complaint that initiated the prosecution and was presented to the judge who presided over the preliminary hearing.

12. Plaintiff was wrongfully prosecuted because defendants Spano and Hernandez fabricated the evidence described above.

13. Defendants Spano and Hernandez undertook the above-described wrongful acts because of a policy of the City of Milwaukee to not adequately investigate homicides.

14. The jury in *Avery v. City of Milwaukee*, 11-cv-408 (E.D. Wis.) found that in 2004 the City of Milwaukee had a widespread practice or policy of not adequately investigating homicides, and that this policy caused Milwaukee police officers to fabricate material evidence against criminal defendants. The jury verdict, which had been set aside by the district judge,

was reinstated by the United States Court of Appeals for the Seventh Circuit in *Avery v. City of Milwaukee*, 847 F.3d 433, 443 (7th Cir. 2017).

15. This same policy was in force and effect at the time of the wrongdoing alleged in this complaint.

16. Shortly before the scheduled trial, the prosecution learned that defendants Spano and Hernandez had fabricated the statements of King and Hampton. The prosecutor accordingly voluntarily dismissed the criminal case on October 6, 2023.

17. As a result of the foregoing, plaintiff was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States and suffered injuries from wrongful incarceration, including but not limited to loss of freedom.

18. Plaintiff hereby demands trial by jury.

WHEREFORE plaintiff requests:

1. Appropriate compensatory and punitive damages be awarded against defendants Spano and Hernandez,

2. Appropriate compensatory damages be awarded against defendant City of Milwaukee,

3. A declaratory judgment that defendant City of Milwaukee is liability for any judgment against defendants Spano and Hernandez, and

4. That the costs of this action, including attorneys' fees, be taxed against defendants.

/s/ Kenneth N. Flaxman
*attorneys for* Kenneth N. Flaxman
ARDC 0830399
Joel A. Flaxman
200 S Michigan Ave, Ste 201
Chicago, IL 60604
(312) 427-3200

*plaintiff*